Vyskocil v. Edwardsville Home Trade Coal Co., 183 Ill. App. 617.

sonal injuries, testimony of plaintiff to the effect that she used to have eight boarders and could do their washing and that she is now unable to her washing, etc., *held* admissible to show the extent of her injury.

2. HUSBAND AND WIFE, § 194*—*when instruction as to damages for personal injuries sustained by wife not misleading*. In an action by a married woman for personal injuries, an instruction which states that the jury in estimating plaintiff's damages may consider "the effect of such injuries, if any, upon her ability to perform her usual duties," *held* not misleading as allowing recovery for household duties such as a wife usually performs for her husband and family.

3. HUSBAND AND WIFE, § 194*—*evidence inadmissible in action by wife for personal injuries*. In an action by wife for personal injuries, evidence as to her inability to hire her work done *held* properly excluded.

4. DAMAGES, § 132*—*when excessive for injury to wrist*. Verdict of one thousand five hundred dollars for injury to wrist not of a permanent character, *held* excessive to the extent of five hundred dollars, and judgment was affirmed on condition of a remittitur of that amount.

---

### John Vyskocil, Appellee, v. Edwardsville Home Trade Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Reversed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by John Vyskocil against Edwardsville Home Trade Coal Company to recover for injuries sustained by plaintiff, alleged to have resulted from the wilful failure of defendant to comply with the statute, in that the mine examiner failed to properly mark the dangerous condition of the roof of the mine. From a judgment in favor of plaintiff for nine hundred and fifty dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

C. H. BURTON and M. U. HAYDEN, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

MINES AND MINERALS, § 176*—*when evidence insufficient to show wilful negligence.* In an action for personal injuries sustained by plaintiff while working in defendant's mine, alleged to have been caused by the wilful failure of defendant to mark the dangerous condition of the mine, evidence *held* insufficient to show such a dangerous condition of the mine as would render defendant liable for wilful negligence.

---

### Josef Groffinger, Appellee, v. The Metropolitan Life Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. Rehearing denied October 28, 1913.

### Statement of the Case.

Action by Josef Groffinger against the Metropolitan Life Insurance Company, a corporation, to recover as beneficiary on a policy of life insurance issued by defendant to Erzsebet Groffinger. From a judgment in favor of plaintiff for six hundred and twenty dollars, defendant appeals.

WILLIAM P. LAUNTZ, for appellant.

N. C. LYRLA, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.